**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **OM.V.A.** and **OR V.A.**, an adult, | Case No. 1:26-cv-132-SI |
| Petitioners, | Agency No. AXXX-XXX-383<br>AXXX-XXX-384 |
| v. | **ORDER** |
| **LAURA HERMOSILLO**, Seattle Field Office Director, Immigration and Customs Enforcement and Removal Operations; **TODD LYONS**, Acting Director of Immigration Customs Enforcement; **U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT**; **KRISTI NOEM**, Secretary of the Department of Homeland Security; **U.S. DEPARTMENT OF HOMELAND SECURITY**; and **PAMELA BONDI**, Attorney General of the United States, | |
| Respondents. | |

**Michael H. Simon, District Judge.**

Petitioners OM. V.A. and OR V.A. are noncitizens. OM. V.A. is 20 years old, and, with his partner, has a one-year-old child who has special medical needs. OM. V.A. is the sole provider for his family. OR. V.A. is 24 years old and is the brother of OM. V.A. The brothers live in Medford, Oregon.

PAGE 1 – ORDER

The brothers were driving to work on January 21, 2026, when their vehicle was pulled over by an unmarked car. The federal agents in the unmarked car did not provide any explanation for the stop or show a warrant. The agents did not ask about the brothers' employment, family connections, or otherwise make an individualized assessment of their personal situation. The agents arrested and detained the brothers. They are currently believed to be on their way to the Northwest Immigration Processing Center Tacoma, Washington for detention.

Now before the Court is a Petition for Writ of Habeas Corpus ("Petition"). ECF 1. Petitioners allege that Respondents have unlawfully detained Petitioners in violation of their Fourth Amendment rights against unreasonable seizure. Petitioners contend that Respondents improperly conducted a stop without reasonable suspicion that they were noncitizens and improperly arrested them without probable cause to believe that Petitioners were noncitizens unlawfully in the United States. Petitioners also allege that this conduct violates the Administrative Procedure Act as an abuse of discretion, arbitrary and capricious conduct, and violative of immigration law and the *Nava* Broadcast Policy[1]. Finally, Petitioners allege that Respondents' conduct violates Petitioners' Fifth Amendment right to Due Process.

In the Petition, Petitioner requests that the Court: (1) assume jurisdiction over this matter; (2) issue an Order prohibiting Respondents from transferring Petitioners out of the District of Oregon without prior approval of the Court; (3) if Respondents have already transferred Petitioners out of the District of Oregon, issue an Order prohibiting Respondents from transferring Petitioners anywhere other than the Tacoma Northwest Detention Center in Tacoma,

---

[1] This policy arises from a court order in *Castañon Nava, et al. v. Department of Homeland Security*, No. 18-cv-3757 (N.D. Ill.).

Washington, other than back to the District of Oregon; (4) order Respondents to show cause within three days why the Petition should not be granted; (5) declare that Petitioners' stop and arrest violates the Fifth Amendment's Due Process Clause, the Administrative Procedure Act, and the Fourth Amendment; (6) issue a Writ of Habeas Corpus ordering Petitioners' release from custody; (7) issue and Order that Petitioners may proceed anonymously in this action; (8) Order Respondents to make Petitioner available for a three-hour telephonic visit with their counsel within two business days of when the Petition was filed, between 9am-5pm, and give Petitioners' counsel advance notice of at least two hours to arrange for interpretation, or to release Petitioners; (9) award Petitioner his attorney's fees and costs; and (10) grant any other relief that the Court deems just and proper.

The Court generally has jurisdiction over habeas petitions. *See* 28 U.S.C § 2241(a); *see also Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2 and stating that "absent suspension, the writ of habeas corpus remains available to every individual detained within the United States"). Moreover, "a federal court always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. *Brownback v. King*, 592 U.S. 209, 218-19 (2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). To give a court a reasonable opportunity to determine whether it has subject-matter jurisdiction and whether venue is proper in a district, and if so to consider the validity of a habeas petition, a court may order the preservation of the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). Such an order remains valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the underlying action's merits. *See id.* at 293-94. This principle applies with even greater force when

the action a court enjoins would otherwise destroy its jurisdiction or moot the case. *See Garcia v. United States Customs & Border Prot.*, 2021 WL 4815945, at *6 (C.D. Cal. Aug. 20, 2021) ("[E]quity requires that his case not be rendered moot before it has begun. A preliminary injunction against his continued accrual of unlawful presence is appropriate as it merely maintains the status quo pending resolution of his underlying claims."); *cf. Yeomans v. World Fin. Grp. Ins. Agency, Inc.*, 2020 WL 4458908, at *3 (N.D. Cal. May 27, 2020) ("[C]lass-wide [injunctive] relief may be granted prior to class certification where it is necessary to preserve the status quo, so that the case and ultimate relief does not effectively become moot." (citing *Price v. City of Stockton*, 390 F.3d 1105, 1117-18 (9th Cir. 2004)).

If Petitioners were transferred out of the District of Oregon, it could potentially create jurisdictional problems. Thus, the Court finds that it is necessary in aid of its jurisdiction that Petitioners not be transferred out of the District of Oregon or deported, at least until the parties have litigated the merits of Petitioners' Petition.[2]

---

[2] Courts around the country exercise their authority under the All Writs Act to maintain their jurisdiction over pending immigration matters by preserving the status quo. *See, e.g.*, *J.A.V. v. Trump*, 780 F. Supp. 3d 705, 708 (S.D. Tex. Apr. 24, 2025) (enjoining respondents under the All Writs Act from "transferring, relocating, deporting, or removing" any petitioner outside of the Southern District of Texas because "maintaining the status quo is required to afford the Court the ability to consider the request for a preliminary injunction and other forms of relief . . . and to prevent the immediate and irreparable injury that may occur with the immediate removal of any [petitioner]"); *Du v. U.S. Dep't of Homeland Sec.*, 2025 WL 1317944, at *1-2 (D. Conn. Apr. 24, 2025) (enjoining defendants from removing and deporting any plaintiffs from the District of Connecticut in order to preserve the status quo and maintain the court's jurisdiction over the case pending ruling on the motion); *Doe v. Bondi*, 2025 WL 1870979, at *1-2 (S.D. Cal. June 11, 2025) (explaining that "[f]ederal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court" and finding that "a limited-duration stay to maintain the *status quo* is appropriate because it will allow the Court to hold a hearing and provide a reasoned decision to the request at hand"); *Batooie v. Ceja*, 2025 WL 1836695, at *2 (D. Colo. July 3, 2025) (enjoining defendants from removing the petitioner from the District of Colorado pursuant to the All Writs Act and Rule 65(b) of the Federal Rules of Civil Procedure in order to preserve the court's jurisdiction); *E-C-R- v. Noem*, 2025 WL 2300543, at *1-2 (D. Or. July 16, 2025) (enjoining the same with respect to a plaintiff from the District of Oregon).

Upon review of the Petition, the Court ORDERS:

1. Petitioners may proceed anonymously in this case.

2. Petitioners shall promptly serve a copy of this Order upon Respondents and the United States Attorney for the District of Oregon, Scott Bradford (usaor.civilhabeas@usdoj.gov). The Court Clerk shall also serve a courtesy copy on the United States Attorney.

3. Not later than January 26, 2026, at noon Pacific Time, Respondents shall answer or otherwise respond to the Petition.

4. If Petitioners remain in custody, Respondents must make Petitioners available for a three-hour telephonic visit with their attorneys, during business hours, on or before January 23, 2026, and must provide counsel with at least two hours' notice.

5. Unless otherwise ordered by the Court, Respondents shall not move Petitioners outside the District of Oregon without further order of the Court.

If Respondents already have moved Petitioners outside of the District of Oregon, Respondents are Ordered to notify the Court **within two hours of being served with this Order**. Respondents are further Ordered to file on the record, under oath, the exact date and time that Petitioners were transferred out of the District of Oregon and the reason why Respondents believed that such a move was immediately necessary.

**IT IS SO ORDERED.**

DATED this 21st day of January, 2026.

_____
Michael H. Simon
United States District Judge